IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY J. GAGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11 C 2024 |
| ) | |
| ILLINOIS BELL TELEPHONE CO. and ) | |
| NEW CINGULAR WIRELESS PCS, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Nancy Gagen has filed a *pro se* lawsuit against Illinois Bell Telephone Co. and New Cingular Wireless PCS, LLC. Ms. Gagen alleges that the defendants surreptitiously monitored and recorded calls made via cellular phone by African-American persons to Gagen's land-line phone, in violation of the Electronic Communications Privacy Act (ECPA) and a parallel Illinois statute.

In her complaint, Ms. Gagen refers to the fact that she obtained certain records via subpoena. This indicated to the Court that Ms. Gagen had a prior lawsuit of some sort, so the Court searched the docketing system and Westlaw. This turned up a prior suit against a different defendant in which Ms. Gagen made similar allegations. *See Grey v. Kirkland & Ellis, LLP*, Nos. 07 C 975, 07 C 978 & 07 C 979, 2010 WL 3526478 (N.D. Ill. Sept. 2, 2010), *aff'd sub nom. Bowden v. Kirkland & Ellis LLP*, Nos. 10-3290 &10-3304, 2011 WL 1211155 (7th Cir. Apr. 1, 2011).

The Court has reviewed Ms. Gagen's complaint in this case to determine

whether her claims are legally viable and whether they are subject to a defense based on her prior litigation. Ms. Gagen has paid the filing fee, but "district courts are permitted to screen every complaint, regardless of a plaintiff's fee status." *Griffin v. Milwaukee County*, 369 Fed. Appx. 741, 743 (7th Cir. 2010).

In her earlier lawsuit, Ms. Gagen sued her former employer, the law firm Kirkland & Ellis LLP (K&E). Ms. Gagen worked in K&E's document services department. She engaged in phone conversations with Tammi Bowden, then a legal secretary at K&E, and Faye Grey, an unsuccessful applicant for employment with K&E, concerning "their shared grievances against [K&E] and the pendency of a discrimination charge that Bowden filed against the firm" with the EEOC. *Grey*, 2010 WL 3526478, at *1. She sued K&E under the ECPA and the parallel Illinois statue, alleging that it had intercepted calls made to her. Ms. Bowden and Ms. Grey also sued K&E, making similar allegations.

In the earlier suits, Ms. Bowden said that at some point in 2005, she suspected that K&E was monitoring land-line phone calls that she made from the workplace, so she began to conduct personal calls via her cellular phone when possible. Ms. Bowden claimed, however, that between October 2005 and June 2006, K&E intercepted and monitored cell phone calls that she made while at work, basing this allegation on perceived discrepancies in her phone bills. *Id.* at *1-2. The calls she claimed K&E had intercepted included calls she made to Ms. Gagen and Ms. Grey. *Id.* at *2.

In the earlier suits, the plaintiffs made the following contention, which is virtually identical to the contention that forms the basis for Ms. Gagen's current suit:

Plaintiffs also assert that [K&E] separately intercepted calls terminating at

2

> a land-line telephone in Gagen's home by apparently colluding with
> Gagen's telephone service provider, AT&T. According to Plaintiffs,
> AT&T's records reveal that the company routed specific calls to Gagen "in
> an indirect suspicious manner that was different from the way other similar
> calls had been routed during that same time. These incoming calls were
> only from African-American employees and an African-American job
> applicant of [K&E]."

*Id.* at *4 (quoting Bowden Decl. ¶ 29). The plaintiffs submitted a report from a telecommunications engineer they had retained as an expert who said that records obtained from AT&T appeared to show discrepancies in the routing of particular calls to Ms. Gagen's land line as compared with other seemingly similar calls. *Id.* The plaintiffs interpreted this "as evidence that AT&T, [K&E], or both somehow diverted specific calls to or from Gagen's home." *Id.*

The district judge in the earlier suit found that the plaintiffs had shown at most a "theoretical possibility of interception," which was insufficient to raise a genuine issue concerning whether K&E had actually intercepted the plaintiffs' calls. *Id.* at *8. The judge thus granted summary judgment against all three of the plaintiffs.

Ms. Gagen and Ms. Bowden appealed from the district court's judgment. The Seventh Circuit affirmed the grant of summary judgment against them, finding that "Bowden and Gagen failed to produce any evidence that anyone intercepted their phone calls." *Bowden*, 2011 WL 1211155, at *4. The Seventh Circuit stated that the evidence of purported discrepancies in phone records that Ms. Gagen and Ms. Bowden had offered "rests largely on speculation and conjecture . . . ." *Id.*

Ms. Gagen's current lawsuit is against AT&T and New Cingular (a cellular phone service provider), not against K&E. But her current suit is grounded on the same

3

contentions that the district judge and the Seventh Circuit found to be lacking in her earlier suit. Ms. Gagen alleges in her complaint in the present case that the alleged diversion of calls by the defendants "allowed [a] third party to surreptitiously monitor and recorded" the calls. Compl. ¶ 2. It is patently obvious that the "third party" to which Ms. Gagen makes reference is K&E. Indeed, Ms. Gagen removes any doubt on this score by alleging in her complaint that "Illinois Bell acted at the bequest [sic] of agents or employees of Kirkland & Ellis LLP to intercept the African American cellular callers' private calls intended exclusively for plaintiff." *Id.* ¶ 69. The "African American cellular callers" to whom Ms. Gagen refers are "Kirkland & Ellis employees," one of whom had a discrimination claim against K&E. *Id.* ¶ 13.

In short, Ms. Gagen's current suit is premised upon the same allegations of phone call interception that was the basis of her prior suit. In the earlier case, however, the district court and court of appeals found, after full discovery and an opportunity for briefing, that Ms. Gagen had no evidence from which a reasonable finder of fact could find that her calls had been intercepted in violation of the ECPA and the parallel Illinois statute.

The doctrine of issue preclusion, or collateral estoppel, precludes a party from relitigating issues that were litigated and determined against her in earlier litigation. As the Seventh Circuit has stated,

> [i]ssue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. Preclusion applies if (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully

represented in the prior action.

*Dexia Crédit Local v. Rogan*, 631 F.3d 612, 628 (7th Cir. 2010) (internal citations omitted).

It appears to the Court that issue preclusion applies here and that it bars Ms. Gagen's current suit. The Court will, however, give Ms. Gagen an opportunity to address this issue in writing before making a final determination.[1]

## Conclusion

For the reasons stated above, the Court directs plaintiff to show cause in writing, by no later than April 25, 2011, why judgment should not be entered against her on the ground that her claims are barred by the doctrine of issue preclusion.

								_____
								MATTHEW F. KENNELLY
								United States District Judge

Date: April 11, 2011

---

[1] There is also a distinct possibility that Ms. Gagen's current claims are time-barred, but the Court will defer consideration of that issue pending determination of the applicability of issue preclusion.